**STATE of Tennessee, Appellant,**

v.

**John HELMS, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 14, 1986.

Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Jerry Estes, Dist. Atty. Gen., Cleveland, for appellant.

R. Jerome Shepherd, Cleveland, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State pursuant to Rule 9, Tennessee Rules of Appellate Procedure, from a judgment by the Criminal Court finding that the District Attorney General abused his discretion in denying pretrial diversion of prosecution for the offense of misrepresentation to obtain unemployment compensation benefits. Another panel of this court granted permission to appeal after overruling the defendant's motion to dismiss the State's application as being untimely and in violation of his constitutional right to a speedy trial. After considering the case on its merits, we conclude that the trial judge was in error in finding that the District Attorney General abused his discretion in denying pretrial diversion.

The District Attorney General refused pretrial diversion for the following reasons:

(1) the long term, continuing nature of the offense,

(2) the deceitful nature of the criminal violations involved,

(3) the deterrent effect of prosecution, and

(4) the strong public policy against diversion where the State is defrauded.

The trial judge did not specifically state why he concluded that the District Attorney General abused his discretion in denying diversion. In his oral pronouncement from the bench, he only stated that "I feel ... that this is a proper case for pretrial diversion...." In the trial judge's order, it is recited that the District Attorney General "abused its discretion" in not granting diversion.

The record reveals that the defendant had no prior criminal convictions. Between November 13, 1982 and August 1, 1983, the defendant made false representations every week to the State of Tennessee for the purpose of fraudulently obtaining benefits under the Tennessee Employment Security Act. He represented that he wasn't employed when in fact he was employed by Cleveland State Community College and by a Mr. Edgmon. The defendant made these fraudulent representations for 28 to 30 consecutive weeks and discontinued this activity only when his guilt was discovered. He received a total of $3,271.00 in weekly checks from the State and made restitution of only a small amount. Although some 28 to 30 offenses were committed, the indictment contains only one count.

This case is analogous to *State v. Holland*, 661 S.W.2d 91 (Tenn.Crim.App.1983) wherein a gravel truck driver defrauded the Madison County Highway Department on repeated occasions by paying a county employee to issue receipts for two loads of gravel when only one load was actually delivered. The reasons given by the District Attorney General in the *Holland* case were substantially the same as those given

by the District Attorney General in the case at bar. In *Holland,* this court concurred with the trial judge in holding that the District Attorney General did not abuse his discretion.

The circumstances of the offense is an appropriate inquiry for the District Attorney General when considering an application for diversion. *State v. Hammersley,* 650 S.W.2d 352 (Tenn.1983). Deterrence to others as well as deterrence to the defendant is appropriate for consideration. *State v. Hammersley, supra,* at 354.

It is true that on appeal from the action of the trial judge in diversion cases, the trial judge's finding of fact is binding on this court unless we find that the evidence preponderates against the trial judge's finding. *State v. Watkins,* 607 S.W.2d 486 (Tenn.Crim.App.1980). However, in the case at bar, the facts are undisputed. Therefore, the trial judge erroneously reversed the action of the District Attorney General since there was substantial evidence to support the prosecutor's refusal to enter into a memorandum of understanding. *State v. Watkins, supra.* We are also mindful that the same guidelines are applicable in diversion cases as are applicable in probation cases but they are more stringently applied to applicants for pretrial diversion. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Crim.App.1980).

There is no distinction between an act of defrauding individuals and the defrauding of the State government. Therefore, the fourth reason given by the District Attorney General for denying pretrial diversion is not appropriate. *State v. Holland, supra,* at 93. The first three grounds given by the District Attorney are valid and support his action in denying diversion. The defendant committed the offense weekly for many months and discontinued the weekly criminal act only when his guilt was discovered. The crimes were not committed upon impulse and involved considerable effort and activity in carrying out the scheme. We agree that practices such as this require deterrence.

The judgment of the trial court is reversed and the case is remanded for trial.

DAUGHTREY and CORNELIUS, JJ., concur.

DAUGHTREY, Judge, concurring.

I concur in the result. There was no evidence offered to refute the grounds for denial given by the District Attorney, and the trial judge gave no reasons for his finding that there had been an abuse of discretion. Hence, the record does not permit us to affirm the trial court's judgment.