**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**
**(HEARD AT DYERSBURG)**

**FILED**

**March 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | NO. 02S01-9709-CC-00079 |
| | ) | |
| CAROLYN L. CURRY, | ) | |
| | ) | |
| APPELLANT. | ) | |

## DISSENTING OPINION

I disagree with the majority's holding in this case that the district attorney general abused his discretion in denying pretrial diversion. The defendant has committed an extremely serious offense in this case. She has admitted to embezzling approximately $27,400.00 from her employer. Her crime was not an isolated incident but a complicated, calculated, and deliberate criminal scheme that occurred repeatedly over a course of two years until she was ultimately caught.

Pretrial diversion is a legislative largess as well as extraordinary relief. Pretrial diversion relieves criminal defendants of the burden of being tried for or convicted of a crime for which they are guilty. Once defendants have completed a diversion program, they are under no legal obligation to disclose their offenses to prospective employers, and their public records are expunged. Mere eligibility for diversion should not provide a presumption for program suitability.[1] Defendants, therefore, should at all times carry the burden of establishing suitability given the extraordinary nature of diversionary relief.

---

[1]Pursuant to Tenn. Code Ann. § 40-15-105, defendants committing extremely serious offenses such as aggravated assault, voluntary manslaughter, vehicular homicide (not involving intoxication), kidnapping, robbery, arson, and aggravated burglary may be eligible for pretrial diversion.

The decision to grant pretrial diversion is within the sole discretion of the district attorney general, subject to review by the trial court for an abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3); State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983). To find an abuse of discretion by the prosecutor, a reviewing court must determine that the record is devoid of *any* substantial evidence supporting the prosecuting attorney's decision. Id. at 356; State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993) (emphasis added) . The prosecution's decision is presumptively correct, and a reviewing court may not simply substitute its findings for those of the prosecutor. Id. Accordingly, if the record would support either a grant or a denial the trial court must defer to the prosecuting attorney's decision. Id. (holding if the record would support either a grant or denial of pretrial diversion, the trial court must defer to the prosecutor's discretion).

The pretrial diversion statute does not enumerate specific criteria that a prosecuting attorney should use when making pretrial diversion determinations. The legislature apparently recognized the extraordinary relief provided by the pretrial diversion statute and intended to provide prosecuting attorneys substantial discretion in making pretrial diversion decisions. This grant of discretion would presumptively include the broad discretion to determine not only the relevant criteria and considerations of each case but also the weight to be afforded the relevant considerations of each diversionary decision.

Courts, however, have judicially imposed general considerations to guide a prosecuting attorney's decision. In two recent Supreme Court decisions, this Court delineated the relevant considerations as follows:

> Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental conditions of the defendant where appropriate, and the likelihood that pretrial diversion will

2

> serve the ends of justice and the best interest of both the public and the defendant.

State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Herron, 767 S.W.2d 151, 155 (Tenn. 1989) (quoting State v. Hammersley, 650 S.W.2d 352 (Tenn. 1983)). These factors are among those that reflect on the defendant's "amenability to correction" or potential for rehabilitation. The "potential for rehabilitation," contrary to the majority's assertion, is not a "factor" that must be clearly articulated and stated in the record. Pinkham, 955 S.W.2d at 959.

In the case now before us, the prosecuting attorney set out the following reasons in support of the pretrial diversion denial: (1) the long-term and continuing nature of the offense; (2) the fact that the circumstances of the offense reveal a systematic scheme to commit crimes which "manifest a criminal intent for a long period of time" and not a crime of impulse; (3) the magnitude of the offense, noting the amount of money ($27,368.73) embezzled during a period from July 1, 1993 to July 11, 1995; (4) the deceitful nature of the criminal violations; and (5) the deterrent effect of crimes to defraud city or municipal organizations ("[w]e cannot believe that it would be in the best interests of the public, the defendant and justice to overlook a criminal scheme of this proportion and grant pre-trial diversion to the defendant.").

The reasons cited by the prosecutor are well-supported by the record and have been held sufficient for denials of pretrial diversion in numerous published opinions involving similar crimes and crimes of a less serious nature. The prosecutors' decisions to deny diversion in the cases discussed below neither explicitly weighed the relevant factors nor mentioned the defendant's potential for rehabilitation, previous criminal record, or social history. Moreover, numerous

3

cases have consistently held that pretrial diversion is inappropriate when the applicant's criminal intent is sustained or repeated.[2]

In State v. Helms, 720 S.W.2d 474 (Tenn. Crim. App. 1986), the defendant was charged with a crime of a continuing nature whereby the defendant fraudulently obtained $3,271.00 from the State of Tennessee. The district attorney denied pretrial diversion based on the following reasons as listed by the court:

    1) the long-term, continuing nature of the offense;

    2) the deceitful nature of the criminal violations involved;

    3) the deterrent effect of prosecution, and

    4) the strong public policy against diversion where the State is defrauded.

Id. at 475. The trial court found the denial to be an abuse of discretion. The Court of Criminal Appeals reversed, approving the basing of a denial of diversion on the circumstances surrounding the offense and on deterrence. The court held that there was substantial evidence in the record to support the denial. Id.

In State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983), the defendant was charged with defrauding Madison County by presenting false weight tickets purporting to represent gravel delivered to the Madison County Highway Department. The district attorney denied diversion based on the

---

[2]See State v. Lovvorn, 691 S.W.2d 574, 576-77 (Tenn. Crim. App. 1985) (denying diversion on the basis that the theft of $3,000.00 occurred over an eight-month period and was not a crime of impulse); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980) ("It was not intended that this extraordinary relief be granted routinely to first offenders but only to those who can show that they were above-the-average citizens before impulsively committing an offense . . . ."); see also State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983) (denying request for diversion based on extensive criminal activities that were not crimes of impulse but "required much planning, deliberation and cooperation."); State v. Watkins, 607 S.W.2d 486 (Tenn. Crim. App. 1980); Murray v. State, 586 S.W.2d 839 (Tenn. Crim. App. 1979)).

following valid grounds: (1) the offenses involved planning, deliberation, and cooperation among several people; (2) the crimes involved deception and deceit and were not crimes of impulse; and (3) the serious nature of the offenses would be negated by placing the defendant on pretrial diversion. The appellate court found substantial evidence in the record to support the denial and upheld the trial court's finding that there was no abuse of discretion.

In State v. Carr, 861 S.W.2d 850 (Tenn. Crim. App. 1993), the defendant's crimes were very similar to the crimes in the case now before us. Pretrial diversion was denied based on the following factors:

> (1) The circumstances show "a systematic scheme to defraud . . . not a crime of impulse," involving considerable planning which would have continued absent discovery.
>
> (2) The magnitude of the offense, noting the amount of money ($23,370.85) reflected by a partial audit covering August 1, 1988, through October 31, 1989.
>
> (3) The number of individual claims and continuing nature of the offense.
>
> (4) The particular need for deterrence because of the considerable opportunity for Medicaid fraud, which is serious and prevalent.
>
> (5) The defendant's statements indicate little remorse and failure to accept responsibility.

Id. at 854. The appellate court stated that "the intent of the legislature was to give the prosecutor, not the court, the authority to decide which defendants should proceed to trial and which ones should be diverted before trial. Therefore, in a close case, the courts should defer to the prosecutor's decision." Id. at 858. The appellate court held that substantial evidence in the record supported the denial based on the circumstances of the crime and the need for deterrence.

5

In State v. Lutry, 938 S.W.2d 431 (Tenn. Crim. App. 1996), the defendant was charged with forgery for signing a student out of school. Pretrial diversion was denied based on: (1) the nature and the circumstances of the crime; (2) the defendant's behavior since the arrest; and (3) general deterrence. The appellate court concluded that forgery or cases involving fraud by their very nature need no extrinsic proof to establish the need for deterrence. The court found evidence in the record to support the three reasons cited by the district attorney for the denial and affirmed the district attorney's decision to deny pretrial diversion.

The circumstances of a criminal offense alone have been held to justify denials of pretrial diversion. In State v. Watkins, 607 S.W.2d 486 (Tenn. Crim. App. 1980), the defendant was arrested for possession of three pounds of marijuana. The appellate court held that "possession of three pounds of marihuana . . . is indicative of more than a casual flirtation with marihuana and is sufficient basis for the refusal of [pretrial diversion]." Id. at 489. In State v. Sutton, 668 S.W.2d 678 (Tenn. Crim. App. 1984), the defendant was indicted for unlawfully concealing a stolen automobile valued at over $200.00 and for altering a serial number. The nature of the defendant's crime was ongoing. The appellate court held that ongoing criminal activity fits into "social history which is a valid factor for consideration." Id. at 680. The court noted that pretrial diversion was an extraordinary largess of the law and affirmed the denial of diversion based upon the circumstances of the offense.

In the case now before us, I believe that the record is replete with substantial evidence supporting the district attorney's reasons for denying pretrial diversion. Utilizing the factors set forth by this Court's recent decision in State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997), I would find the following:

6

1.  The district attorney more than adequately addressed the circumstances of the offense and the serious nature of the offense;

2.  The defendant's social history indicates that for at least two years the defendant was involved in a sustained criminal scheme to defraud a city and embezzle a substantial amount of money;

3.  The defendant's physical and mental condition were likely not appropriate factors for consideration in this case; and

4.  Pretrial diversion would not serve the best interest of both the public and the defendant as diversion would diminish the serious nature of this crime and diminish the public's confidence in the criminal justice system's ability to address crimes of a serious and ongoing nature.

I would hold that the district attorney's letter denying diversion more than adequately addressed the criteria set forth in Pinkham, 955 S.W.2d at 959-60, even though the letter could have been more detailed. The reasons cited for the denial are similar or greater in both substance and form to grounds held adequate in numerous published cases. The circumstances of the defendant's offense and the need to deter fraud as well as thefts of large sums of money are sufficiently overwhelming to justify denial of pretrial diversion in this case. Moreover, the defendant's offenses are more serious than offenses discussed in published cases in which denials have been upheld based solely upon the circumstances of the offense and the need for deterrence.

The majority's holding allows the defendant to avoid being tried for her crimes merely because the prosecutor failed to explicitly include in the letter

7

denying pretrial diversion words referencing, as the majority states, "the defendant's _favorable_ social history, lack of a criminal record, and potential for rehabilitation." (emphasis added). I disagree with the majority's finding that the defendant has a "favorable" social history and background. I believe that someone who continually commits serious crimes involving deception, planning, and fraud over a two-year period of time has a less than favorable social history, has an extensive criminal background, and is a poor candidate for rehabilitation. Moreover, the defendant ceased her criminal activity only when she was caught, and her criminal activity would likely have continued had she not been caught.

I disagree with the majority's decision that an abuse of discretion occurred merely due to a district attorney's failure to specifically or explicitly address non-statutory criteria. I further disagree with the majority's concern that a remand creates a danger "that new reasons for consideration will be introduced during the hearing." Unlike judicial diversion, applications for pretrial diversion generally occur while a criminal proceeding is in its infancy. Witnesses have not testified, discovery is ongoing, and a presentence report has not been prepared. I believe that the public's need for protection from offenders of serious crimes and the public's interest in avoiding the depreciation of the seriousness of crimes outweigh any prejudice a defendant may suffer if additional but valid and pertinent considerations are later introduced which would render the defendant an unsuitable candidate for diversion. Accordingly, I believe a rule which promotes accuracy and substance over form would be a better rule.[3]

Pretrial diversion is a largess and is not a right. I question whether the legislature intended that a criminal committing a series of serious, sustained,

---

[3]Pursuant to Tenn. Code Ann. § 40-15-105(a)(3) and -105(d), it appears that a prosecuting attorney could terminate the trial court's decision to order the memorandum of understanding by simply proffering new and valid considerations which indicate that a defendant is an unsuitable candidate for pretrial diversion. Accordingly, permitting a prosecuting attorney to testify as to all considerations that went into the decision-making process promotes accuracy and judicial economy.

planned, and deceptive crimes over a two-year period of time automatically be granted diversion merely because a district attorney failed to employ a preferred term in the letter denying diversion.  The majority's holding could effectively allow defendants committing serious offenses such as manslaughter, kidnapping, and vehicular homicide to avoid prosecution merely because a district attorney commits a non-prejudicial omission affecting neither a constitutional nor a statutory right.

_____

JANICE M. HOLDER, JUSTICE

9