# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 17, 2001 Session

## STATE OF TENNESSEE v. THOMAS L. CONDRA

**Interlocutory Appeal from the Circuit Court for Sequatchie County**
**No. 3951          Buddy D. Perry, Judge**

_____

**No. M2000-02864-CCA-R9-CD - Filed February 5, 2002**

_____

The Defendant, who was charged with vehicular homicide and failure to yield right of way, filed a petition for writ of certiorari to review district attorney's denial of pretrial diversion. The trial court found that district attorney general did not abuse his discretion in denying pretrial diversion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 9; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Jerry B. Bible, Jasper, Tennessee, for the defendant, Thomas L. Condra.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant Thomas L. Condra was indicted by a Sequatchie County Grand Jury on January 24, 2000, charging him with one count of vehicular homicide and one count of failure to yield right of way. The defendant filed an application for pretrial diversion on May 22, 2000, which the district attorney general denied on June 1, 2000. The defendant then filed a petition for writ of certiorari in the trial court on June 19, 2000, and an amended application for diversion on July 26, 2000.

On July 25, 2000, the State again denied the defendant's request for pretrial diversion. After conducting a certiorari hearing on the defendant's application, the trial court entered a memorandum opinion on September 6, 2000, wherein the court concluded that the district attorney general did not abuse his discretion in denying the defendant pretrial diversion.

The defendant filed a motion for Rule 9 interlocutory appeal on October 23, 2000, which the trial court granted. This Court granted the defendant's Rule 9 application for permission to appeal on December 12, 2000. The defendant's sole contention on appeal is that the district attorney general abused his discretion by denying the defendant's request for pretrial diversion.

## Facts

On July 7, 1999, at approximately 4:45 a.m., the defendant, a commercial truck driver, was driving a 1991 Flatliner TT tractor and trailer. The defendant began to exit the driveway of a trucking company and turned left onto Highway 28, an undivided, two-lane highway with no apparent hazards. The defendant's vehicle was struck at his left front steering axle by a small car driven by Ms. Judy Carr Oliver. The defendant suffered a slight head injury as a result of the collision. Ms. Oliver was killed in the collision.

### The Applications for Pretrial Diversion

On May 22, 2000, the defendant submitted his first application to the district attorney general for pretrial diversion. In the first application, the defendant was asked if he was ever "detained, held, arrested, indicted or summoned into court" for a violation of any law. The defendant's first application only included the current charges of failure to yield and vehicular homicide.

On June 1, 2000, the district attorney general denied this application for several reasons. In his denial letter, the district attorney general noted that the defendant did not list *all* arrests or summons including minor traffic offenses, and this constituted untruthful behavior when the defendant submitted the application. The district attorney general noted that the defendant "repeatedly violated the speed laws" and was involved in several accidents indicating an "ongoing pattern" of traffic law violations. The district attorney general also refused diversion because in the instant case, the defendant tried to "'beat' another vehicle when safety dictated waiting a moment" to allow the victim to pass. Lastly, the district attorney general refused diversion contending that drivers of tractor trailers owe a higher degree of care to the public and that the defendant's breach of this higher duty caused the death of the victim.

Thereafter, the defendant submitted an amended application for pretrial diversion on July 24, 2000, containing admissions regarding the previously undisclosed information, including four previous speeding violations, the defendant's involvement in a minor rear-end accident, and the suspension of the defendant's license for driving an overweight tractor trailer. The application also noted that the defendant was involved in another minor traffic accident in January of 1999 when, while attempting to pass on a single lane gravel road, the trailer of the 18-wheeler struck a portion of a pickup as the two were passing each other. Additionally, the defendant asserted that the victim of the instant case was speeding at the time of the accident.

The district attorney general also denied this application on July 25, 2000. The district attorney general stated that the overall speed of the victim was not known and would only be applicable in a civil action and was thus wholly irrelevant in the current prosecution. The State also expressed concern due to the fact that the information provided in the defendant's amended

application was available to the defendant when the first application was submitted. Lastly, the district attorney general stated that the defendant, in his amended application, was simply trying to explain the differing and conflicting stories he had thus far rendered concerning the facts of the accident.

*Findings of the Trial Court*

After the prosecution's second denial for pretrial diversion, the trial court conducted a certiorari hearing. The court entered a memorandum opinion on September 6, 2000, wherein it stated the district attorney general did not abuse its discretion in denying pretrial diversion.

The trial judge set forth several reasons for denying the defendant's request for Writ of Certiorari. First, the district attorney general considered all appropriate factors in making his determination, and the decision "could have gone either way." Second, the defendant's driving record, when considered together with the circumstances of this case, is substantial evidence to support the district attorney general's discretionary decision. Third, various arguments asserted by the defendant regarding the victim's actions at the time of the accident, as well as a claim of selective prosecution on behalf of the district attorney general, are issues that should be asserted at trial or in separate motions. Accordingly, the trial court found the district attorney general acted within his discretionary powers. Thus, the Writ of Certiorari was denied.

## Analysis

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. See Tenn. Code Ann. § 40-15-105. This relief is extraordinary in nature and places the burden of proof upon the defendant. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980). Pretrial diversion can only be granted when authorized by statute. State v. Brooks, 943 S.W.2d 411, 412 (Tenn. Crim. App. 1997); see also Tenn. Code Ann. § 40-15-105(b)(2)(C).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); see also State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995). In making the determination, the district attorney general must consider

> the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered . . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); see also State v. Washington, 866 SW.2d 950, 951 (Tenn. 1993). Additionally, deterrence, of both the defendant and others, is a

factor the importance of which varies according to the individual circumstances of each case. Hammersley, 650 S.W.2d at 354.

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the defendant establishes a patent or gross abuse of discretion. State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996); Houston, 900 S.W.2d at 714. The record must be devoid of any substantial evidence to support the district attorney general's decision before an abuse of discretion can be found. Pinkham, 955 S.W.2d at 960; State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). The hearing court must consider only the evidence made available to and considered by the prosecutor. Poplar, 612 S.W.2d at 500. The trial court may not substitute its judgment for that of the district attorney general when the evidence supports the decision of the district attorney general. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

The state correctly points out that this Court previously stated, "the circumstances of the offense and the need for deterrence may outweigh all other relevant factors and justify a denial of pretrial diversion." Houston, 900 S.W.2d at 715.

In this case, the record shows that the district attorney general considered the relevant factors and specifically related his decision and the reasoning underlying that decision to the defendant. The district attorney general expressed concern over a statement allegedly made by the defendant to officers at the scene that he saw a vehicle approximately one-half mile away and that he believed he could "beat it." The record also reflects that the defendant has a history of speeding violations. The district attorney general asserts that this type of conduct is exactly that which must be deterred by not granting pretrial diversion. There is substantial evidence in the record to support such a decision.

In an appeal from the denial of pretrial diversion, if the facts are disputed and the trial court conducts an evidentiary hearing to resolve the factual issues, the findings of fact made by the trial court are binding upon this Court. State v. Helms, 720 S.W.2d 474, 476 (Tenn. Crim. App. 1986). The trial court's factual determinations will be overturned only if the evidence preponderates against them. State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993); Helms, 720 S.W.2d at 476. In State v. Curry, our supreme court applied the preponderance of the evidence standard to the review of the trial court's decision regarding the prosecutor's abuse of discretion, rather than limiting this standard to the trial court's factual findings. 988 S.W.2d 153, 158 (Tenn. 1999) (citing Pinkham, 955 S.W.2d at 960).

A major factor in denying pretrial diversion is the defendant's lack of candor regarding the information in his application for pretrial diversion. We note that a prosecutor may not deny diversion based purely upon a defendant's failure to admit guilt. State v. James M. Lane, Jr., No. E1999-00615-CCA-R9-CD, Hamilton County, slip op. at 8 (Tenn. Crim. App. June 1, 2000). On the other hand, if the failure to admit the offense reveals a lack of candor or remorse, such could be a proper basis for denying pretrial diversion. Id.; see State v. Nease, 713 S.W.2d 90, 92 (Tenn. Crim. App. 1986) (holding the defendant to be a poor candidate for diversion because he was not completely truthful about what occurred and did not accept full responsibility).

It is the defendant's responsibility to provide the prosecuting attorney with as complete an application as circumstances warrant, including sufficient background information and data to enable the prosecutor to make a reasoned decision to grant or deny pretrial diversion. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993); State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989).

In the instant case, the record reflects that defendant's initial application for pretrial diversion does not contain previous traffic citations and auto accidents involving the defendant. There is also some dispute over what the defendant stated regarding his version of the events on the day of the accident. This Court is of the opinion that the lack of candor by the defendant is enough to substantiate a denial of pretrial diversion by the district attorney general.

Finally, as previously stated, the trial judge found that the district attorney general evaluated all relevant factors in the pretrial diversion application and specifically set forth the reasons for denying pretrial diversion. He also found that the district attorney general did not abuse his discretion in denying pretrial diversion. The evidence preponderates in favor of the trial judge's opinion. The defendant has failed to demonstrate that the district attorney general exhibited a patent or gross abuse of discretion, and we therefore affirm the judgment of the trial court.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE