STATE of Tennessee, Appellee,

v.

Demond D. BEVERLY, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

July 7, 1994.

John H. Henderson, Dist. Public Defender,
Maurine C. Hatchett, Asst. Dist. Public Defender, Franklin, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Christina S. Shevalier, Asst. Atty. Gen.,
Crim. Justice Div., Nashville, Joseph D.
Baugh, Dist. Atty. Gen., Mark Puryear, Asst.
Dist. Atty. Gen., Franklin, for appellee.

## OPINION

SUMMERS, Judge.

Appellant, Demond D. Beverly, was originally charged by the Williamson County Grand Jury with aggravated burglary and theft of property over $1,000.00. Appellant subsequently pled guilty to the theft of property charge, and an order of *nolle prosequi* was entered on the charge of aggravated burglary. At the sentencing hearing, the trial court sentenced appellant to two years in the Department of Correction as a Range I, standard offender. All but 45 days of the sentence was suspended, with three years supervised probation. On appeal, appellant contends that the trial court erred in requiring him to serve the 45–day sentence rather than granting him judicial diversion or, in the alternative, full probation.

### JUDICIAL DIVERSION

T.C.A. § 40–35–313, commonly referred to as judicial diversion, permits a trial court, upon a finding of guilt by plea or trial, to place a defendant on probation without imposition of a judgment of conviction. Following successful completion of probation, the charge is dismissed. The granting of judicial diversion rests within the discretion of the trial court, "subject only to the same constraints applicable to prosecutors in applying pretrial diversion...." *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn.Crim. App.1992); *see also, State v. George*, 830 S.W.2d 79, 80 (Tenn.Crim.App.1992).

At the sentencing hearing, the victim, Larry Hurley, testified that he had known appellant for approximately one and a half years and considered him a close friend. Hurley had even asked appellant to watch his apartment and take care of his dog while he was out of town. He had given appellant a key for this purpose. He stated that nothing was ever taken while appellant was watching his apartment. One day, however, Hurley returned home and found several things missing including an automatic pistol, a VCR, a tape deck, a CD player and various items of clothing and jewelry. On cross-examination, Hurley testified that he was homosexual and admitted to making a sexual advance toward the appellant. He stated that this event occurred early in their friendship.

Appellant also testified at the sentencing hearing. He dropped out of high school in the 12th grade to move to Tennessee with his mother. Appellant stated that he had done well in school and wished to go to college and become an architect. He admitted, however, that in the three years since quitting high school he had yet to complete his GED. Appellant also testified that he has held at least five different jobs in the past two years. He was fired from one for an unknown reason. Appellant denied being a close friend of the victim, although he admitted visiting his apartment on a regular basis.

Appellant admitted smoking marijuana numerous times in the past. He stated, however, that he has basically quit and has only smoked marijuana once since that time. Appellant does not drink.

Appellant testified that a few days before the theft the victim made a sexual advance towards him. The theft was his way of getting back at the victim. He stated that he now regrets committing the crime because he only hurt himself. Appellant tried to apologize to the victim through a mutual friend and has attempted to recover some of the items that were stolen. He said his three or four days in jail taught him that he does not want to spend any more time there.

The presentence report reflects that appellant is 21 years old, single, and lives with his mother. He admits to having smoked marijuana numerous times. Appellant has no prior criminal record. He reports that he is presently employed.

In sentencing appellant, the trial court considered his extensive use of marijuana as well as the circumstances surrounding the offense. In particular, the court was concerned with his role as leader of the offense, and the fact that the offense was committed against a person who trusted the appellant.

We do not find that the trial court abused its discretion in denying judicial diversion. While appellant's social history, present condition, and physical and mental condition are, in many respects, positive or neutral, his prior criminal behavior involving marijuana provides the evidence necessary to support

294

the trial court's ruling. *See State v. Anderson*, 857 S.W.2d at 572.

### PROBATION

■ Appellant also contends that the court erred in sentencing him to 45 days in the county workhouse. He argues that he is an appropriate candidate for complete probation due to his youth, his lack of a prior criminal record, the fact that he is taking GED classes to complete his education, does not drink, and has stopped using marijuana. The state submits that the court properly incarcerated appellant for a short period of time.

■ When reviewing the denial of probation, this Court conducts a *de novo* review on the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–401(d). In conducting this review, we consider: (1) the evidence received at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments concerning sentencing alternatives; (4) the characteristics and nature of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and statutory enhancement factors; (6) any statement the defendant wishes to make in his or her own behalf about sentencing; and (7) the potential for rehabilitation. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991).

■ The Sentencing Reform Act of 1989 creates a presumption that especially mitigated or standard offenders convicted of Class C, D, or E felonies who are not "committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation ..." are suitable candidates for probation. *State v. Gilboy*, 857 S.W.2d 884, 888 (Tenn. Crim.App.1993); T.C.A. § 40–35–102(5), (6). Appellant is such an offender and we must therefore presume that he is entitled to probation unless sufficient evidence rebuts this presumption. *Ashby*, 823 S.W.2d at 168. The burden of establishing that the sentence is improper rests with appellant. *Gilboy*, 857 S.W.2d at 888.

■ The state submits that the trial judge's ruling indicates that it imposed a sentence including incarceration for the purpose of specific deterrence. While deterrence is certainly a factor to consider, we find that it is insufficient alone to support the trial court's decision to incarcerate appellant. *See State v. Ashby*, 823 S.W.2d at 170. The circumstances surrounding appellant's offense do not reflect a sustained intent to violate the law. Furthermore, appellant was candid about his use of marijuana, and broached the subject himself during the sentencing hearing.

Appellant does not match the profile of the criminal for whom incarceration is the "first priority" as provided in T.C.A. § 40–35–102(5). Nor has he been the subject of failed rehabilitative measures. *Id.* Appellant's criminal conduct is non-violent, and he shows good potential for rehabilitation.

Appellant meets all the minimum criteria of eligibility for punishment in the community, and full probation would provide the least severe measure necessary to achieve the purposes for which his sentence is being imposed.

Accordingly, we affirm the trial court's decision to deny appellant judicial diversion, but reverse the denial of full probation.

SCOTT, P.J., and TIPTON, J., concur.